BakerHostetler

Baker&Hostetler LLP

1735 Market Street
Suite 3300
Philadelphia, PA 19103-7501

T 215.568.3100
F 215.568.3439
www.bakerlaw.com

Alaina J. Lakawicz
direct dial: 215.564.2576
alakawicz@bakerlaw.com

March 23, 2026

**VIA ECF**

The Honorable Elizabeth A. Pascal
U.S.M.J. for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

Re: ***Beal v. Premier Entertainment AC, LLC*, No. 24-7815 (CPO/EAP)**

Dear Judge Pascal:

Pursuant to this Court's Order (ECF No. 100), Defendant Premier Entertainment AC, LLC ("Bally's") respectfully submits this letter to advise the Court that the Division of Gaming Enforcement ("DGE") has now concluded its investigation into the incident underlying Plaintiff's claims. Following its investigation, the DGE determined as follows:

> Slot Machine CJ-06/14069 passed all Division testing, including software verification and a seal check, and yielded no evidence of any tampering. . . . Slot Machine CJ-06/14069 experienced a reel tilt. No jackpot was won. Accordingly, no regulatory violations were committed, and [Plaintiff's] complaint with the Division will be closed.

Ex. 1 (DGE Letter) at 2. The DGE's determination squarely addresses—and resolves—the factual premise of Plaintiff's claim—namely that she won the jackpot and that the slot machine at issue did not malfunction. *Compare* ECF No. 45 at ¶ 13, 43 (alleging that Plaintiff won the "jackpot" and that "the machine operated normally and did not have any malfunctions, computer glitches, or tilts and had no problem accepting Plaintiff's money"), *with* ECF No. 69 at p. 6, ¶ 4 (answering that "[t]he slot machine in question malfunctioned and, as a consequence, there was no validly won jackpot and no contract"). The DGE conclusively rejected these allegations, finding that the relevant slot machine did malfunction, that no jackpot was won, and that no regulatory violation occurred.

The DGE's decision confirms that Bally's acted in full compliance with applicable gaming regulations and conclusively negates the allegations in Plaintiff's Complaint. *Chan v. Boardwalk*

*1000, LLC*, No. 1:21-cv-10498, 2021 WL 4306828, at *4 (D.N.J. Sept. 22, 2021) (finding courts should "defer" to the DGE and CCC); *Marina Dist. Dev. Co., LLC v. Ivey*, 93 F. Supp. 3d 327, 338 (D.N.J. 2015) (finding courts should defer to the agency "over issues concerning the interpretation and application of the Act and the regulations" (cleaned up)); *Tose v. Greate Bay Hotel & Casino Inc.*, 819 F. Supp. 1312, 1316 n.8 (D.N.J. 1993) (finding no other contractual obligations exist outside of those "called for by the statute or regulations"). As this Court previously recognized, "the success of Plaintiff's claim relies on the CCA's regulations" and if "the DGE's investigation concludes that Defendant was compliant, such a conclusion may obviate Defendant's obligation to pay Plaintiff under an aleatory contract theory." ECF No. 92 at 5, 7. The DGE's investigation has now done exactly that, and Plaintiff's claims have been obviated.

For these reasons, Bally's respectfully submits that the DGE's decision is dispositive of all issues raised in this case and warrants dismissal of Plaintiff's claim in its entirety.[1]

Respectfully submitted,

*/s/ Alaina J. Lakawicz*

Alaina J. Lakawicz
Counsel of Record
NJ Bar No. 331052020

cc: All Counsel of Record (*via ECF*)

---

[1] On August 19, 2025, this Court granted Bally's motion to administratively terminate this case pending the DGE's decision on Plaintiff's administrative complaint. ECF No. 92 at 8. On March 13, 2026, Plaintiff requested that the matter be reopened and restored to the active docket. ECF No. 101 at 1. Specifically, Plaintiff complained that the DGE had not yet issued its determination. *Id.* On March 16, 2026, this Court ordered Bally's to respond to Plaintiff's request. ECF No. 102. As the DGE has now concluded its investigation and issued its determination, Bally's respectfully submits that Plaintiff's request is now moot.

# EXHIBIT 1

State of New Jersey

MIKIE SHERRILL
Governor

DR. DALE G. CALDWELL
Lt. Governor

DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF GAMING ENFORCEMENT
1300 ATLANTIC AVENUE
ATLANTIC CITY, NJ 08401

JENNIFER DAVENPORT
Attorney General

MARY JO FLAHERTY
Interim Director

March 18, 2026

Roney Beal
367 Stokes Road
Shamong, New Jersey 08088

Certified Mail
#7022-2410-0003-3453-3081

Re: Bally's – Patron Complaint
File No. C-86-24-025

Dear Roney Beal:

The Division of Gaming Enforcement ("Division") has concluded its investigation into your patron complaints, dated February 25, 2024 and February 26, 2024, against Bally's Corporation (Bally's). In your complaints, you alleged that Bally's failed to pay you $1,277,854.35 in winnings for a jackpot that you claimed you won after wagering on a Wheel of Fortune Diamond Spins 2X Triple Double Stars 3-Reel 9-Line 1-Credit slot machine, also identified as CJ-06/14069 ("Slot Machine CJ-06/14069").

The Division is statutorily authorized to investigate and respond to patron complaints. *N.J.S.A.* 5:12-76(q). The Division refrained from responding to your patron complaints as to not interfere with pending litigation filed by you regarding this matter. By order dated August 19, 2025, the United States District Court for the District of New Jersey administratively stayed the litigation pending the Division's investigation. The Division is providing its investigative findings in this letter.

The mission of the Division is to enforce the provisions of the New Jersey Casino Control Act (Act), *N.J.S.A.* 5:12-1 *et seq.* The Division's authority is limited to ensuring that all New Jersey casino licensees comply with the Act and corresponding regulations. If the Division finds violations of the laws regulating New Jersey's casino and sports wagering industry, it may advise the casino and/or sportsbook of the violation either verbally, through written correspondence, or through the filing of a regulatory complaint seeking fines or other sanctions. Regardless of the merits of a particular patron's complaint, the Division does not have the authority to offer private redress to individual patrons.

The Division's investigation of patron complaints includes a review of all relevant information. With regard to the complaints in this matter, the Division's investigation revealed that after you had inserted funds into Slot Machine CJ-06/14069 and initiated game play, the

wheel hardware on the slot machine began to flash and spin but stopped abruptly, followed by a "reel tilt" notification appearing on the slot machine's screen.

Pursuant to Division regulations, Slot Machine CJ-06/14069 was secured and inspected after experiencing the reel tilt, and Bally's followed its internal controls governing malfunctioning equipment. See *N.J.A.C.* 13:69E-1.20(c); *N.J.A.C.* 13:69D-1.3. Division slot laboratory technicians inspected Slot Machine CJ-06/14069 initially and then with IGT, the slot machine's manufacturer and operator, which confirmed the reel tilt. Further, it is the Division's understanding that Bally's has retained and securely stored surveillance footage of the alleged incident in question as required.

Slot Machine CJ-06/14069 passed all Division testing, including software verification and a seal check, and yielded no evidence of any tampering. Moreover, the Division's review of relevant transaction reports and a slot analysis revealed that your total win for the round of play in session at the time of the reel tilt was in fact $340 which was comprised of $210 from your regular game win and $130 won from a bonus round. You also had $9 in unused credits.

Attempts by the Division to directly interview you via telephone were unsuccessful.

Based upon the above findings, Slot Machine CJ-06/14069 experienced a reel tilt. No jackpot was won. Accordingly, no regulatory violations were committed, and your complaint with the Division will be closed.

Sincerely,

*Leticia N. Fiscian*

Leticia N. Fiscian
Deputy Attorney General
Division of Gaming Enforcement